**No. 57403.**—Boland & Cornelius *v.* United States, protest 164658–K/13068 (New Orleans).

JOHNSON, Judge: This action involves the duty assessed at the rate of 50 per centum ad valorem under section 466 of the Tariff Act of 1930 upon the cost of certain shifting boards, grain bags, separation cloths, burlap, and tying rope, placed aboard the SS. *Heywood Broun* at Montreal, Canada, as ships' equipment.

At the trial of the case, it was orally stipulated and agreed between counsel for both sides as follows:

1. This is an action against the assessment of duties in the amount of $5,529.50 on certain shifting boards and grain bags, separation cloths, burlap, and tying rope, which were put on board the S. S. "Heywood Broun" at Montreal, Canada, between July 9, 1947 and July 26, 1947.

2. The said duties were assessed upon the arrival of the said S. S. "Heywood Broun" at New Orleans, La. from England on or about September 5, 1947, under the provisions of Section 466, Tariff Act of 1930.

3. The cost of the said shifting boards and grain bags at the time when they were placed on board the S. S. "Heywood Broun" in Montreal was $6,832.01 for the shifting boards and $4,227.36 for the grain bags, making a total cost of $11,059.37 which was assessed with duty at 50% under said section 466, amounting to $5,529.50.

4. That the said shifting boards and grain bags, separation cloths, burlap, and tying rope were not on board the said vessel upon its arrival in New Orleans.

5. That the said S. S. "Heywood Broun" was at all times mentioned herein, a vessel documented under the laws of the United States to engage in the foreign or coasting trade.

It appears from the evidence that when the articles in dispute were placed aboard the vessel in Canada she proceeded to England with her cargo, the nature of which required, under the Canadian law, that the articles in question be installed to insure the safety of the vessel. Upon the return of the vessel from England to the port of New Orleans, although the articles in question were not on board, duty was, nevertheless, assessed thereon by the collector.

Counsel for the plaintiff contends that because the articles were required to be installed upon the vessel under Canadian law, and because the articles were disposed of before returning to an American port, such articles are not dutiable as ships' equipment or repairs, as contemplated by Congress in section 466 of the Tariff Act of 1930. Counsel points out that in all other cases involving ships' equipment none pertained to a vessel employing such equipment on a voyage from a foreign port to a foreign port and where such equipment was not brought back to the United States. The plaintiff distinguished several decisions of this court and the appellate court involving equipment of vessels such as dunnage mats, shifting boards, etc., because of the fact that none of such equipments there in question were used solely in a voyage from a foreign port to a foreign port and not again used nor brought into a port of the United States. The case of *United States* v. *Standard Oil Co. of California*, 27 C. C. P. A. (Customs) 334, C. A. D. 108, was cited, particularly that portion thereof stating:

It is our opinion that the section clearly provides that equipment purchased abroad for a vessel documented under the laws of the United States shall, *at least if transported to the United States upon such vessel*, be subject to duty at 50 per centum ad valorem. [Emphasis by plaintiff's counsel.]

However, that case involved parts of Diesel engines purchased abroad for the purpose of making repairs upon the Diesel engines on the vessel which transported said engines to the United States. The court had reference in the italicized portion above to the cargo on board the vessel which was transported to the United States for the purpose of making repairs; not to such a situation as here presented.

Section 466 of the Tariff Act of 1930 provides in part as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; * * *."

There is nothing in the law providing that such equipments shall be transported back to the United States or shall be permanently installed. It provides that

equipments purchased for, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, shall be assessed with duty upon the first arrival of such vessel.

In the case of *H. C. Gibbs* v. *United States*, 28 Cust. Ct. 318, C. D. 1430, this court held that lumber used in the construction of shifting boards and feeder boxes, required by the Board of Underwriters in Canada to be installed upon vessels in the service of transporting bulk grain, even though after the unlading of the grain in a foreign port the shifting boards and feeder boxes were dismantled into lumber and disposed of in a foreign port, constituted equipment of vessels and was properly assessed with duty by the collector. That case was appealed to the Court of Customs and Patent Appeals, suit 4750. In its decision, dated June 3, 1953, the appellate court stated:

In the instant case, the fact that the grain linings installed in Vancouver were never landed in the United States does not nullify or render inoperative the applicability of section 466.

In view of the foregoing decision, we hold that the collector properly assessed duty at the rate of 50 per centum ad valorem upon the cost of shifting boards, grain bags, separation cloths, burlap, and tying rope under the provisions of section 466 of the Tariff Act of 1930, *supra*. Judgment will therefore be entered in favor of the Government.